1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11                        ----oo0oo----

12  CLARKLIFT WEST dba TEAM POWER      NO. CIV. 2:13-00815 WBS CKD
    FORKLIFT,
13                                     ORDER RE: MOTION TO DISMISS

14            Plaintiff,

15        v.

16  SENTRY INSURANCE COMPANY,
    CRAIG DIBLASI, and DOES 1-5,
17  inclusive,

18            Defendants.
                                    /
19  _____

20                        ----oo0oo----

21

22        Plaintiff Clarklift West dba Team Power Forklift brings

23  this action against defendants Sentry Select Insurance Company[1]

24  ("Sentry"), Craig DiBlasi, and Does one through five arising from

25  a dispute over coverage under plaintiff's insurance policy.

26  _____

27        [1]    Sentry Select Insurance Company was erroneously sued as
    Sentry Insurance Company.  By order of the court, Sentry
    Insurance Company was dropped from this action and Sentry Select
28  Insurance Company was added as a defendant.  (Docket No. 15.)

                                  1

1 Defendants now move to dismiss Diblasi pursuant to Federal Rule

2 of Civil Procedure 21 and to dismiss plaintiff's claims for

3 breach of fiduciary duty, fraud, and punitive damages for failure

4 to state a claim upon which relief can be granted pursuant to

5 Rule 12(b)(6).

6 I.   Factual and Procedural Background

7         Plaintiff is a California corporation with its

8 principal place of business in Sacramento County, California.

9 (Mot. to Dismiss Ex. 1 ("Compl.") ¶ 1 (Docket No. 6).)  Sentry is

10 a Wisconsin corporation with its principal place of business in

11 Stevens Point, Wisconsin.  (Notice of Removal ¶ 11 (Docket No.

12 1); Req. for Judicial Notice Ex. 4 (Docket No. 1-8).)  Diblasi is

13 a citizen of California and resides there.  (Notice of Removal ¶

14 12.)

15         Plaintiff alleges that Diblasi was a Sentry agent

16 servicing its account.  (Compl. ¶ 3.)  It also alleges, albeit in

17 conclusory terms, that each defendant was the agent and employee

18 of the other and was acting within the course and scope of such

19 agency at all times mentioned in the Complaint.  (Id. ¶ 4.)

20 Plaintiff alleges that in June 2012 it suffered a loss at its

21 property on Vasco Lane (the "Vasco property") in Livermore,

22 California.  (Id. ¶ 8.)  Plaintiff made a claim for the loss with

23 Diblasi.  (Id.)  The Vasco Property, as well as other properties

24 owned by plaintiff, had been insured with Sentry for years.

25 (Id.)

26         Plaintiff alleges that it was initially informed by

27 Diblasi and other Sentry employees "that there would be no

28 problem with the claim."  (Id. ¶ 9.)  Plaintiff was allegedly

2

1  then informed that because the Vasco property was vacant at the

2  time of the loss the claim might be denied pursuant to provisions

3  in its insurance policy.  (Id.)  Plaintiff's president, Joe

4  Hensler, allegedly told Diblasi and others at Sentry that neither

5  he nor anyone else at his company had been informed of such a

6  provision.  (Id. ¶ 9.)  Diblasi allegedly then told Hensler that

7  he also had not been aware of such a provision and "was sure it

8  would not cause a problem with the claim."  (Id.)

9         It was later discovered that Sentry became aware that

10  the Vasco property was vacant when it made a loss control

11  inspection in May 2012.  (Id.)  Plaintiff alleges that even

12  though Sentry knew the property was vacant, no one from the

13  insurance company informed plaintiff of potential coverage

14  problems.  (Id. ¶ 10.)  Sentry ultimately denied plaintiff's

15  claim because of the vacant property exclusion.  (Id. ¶ 11.)

16         Plaintiff brings claims for breach of fiduciary duty,

17  fraud, and negligent misrepresentation against both defendants.

18  Plaintiff brings claims for breach of contract and breach of the

19  implied covenant of good faith and fair dealing against Sentry

20  only.  Presently before the court is defendant's motion to

21  dismiss Diblasi pursuant to Rule 21 and to dismiss plaintiff's

22  claims for breach of fiduciary duty, fraud, and punitive damages

23  for failure to state a claim upon which relief can be granted

24  pursuant to Rule 12(b)(6).  In its opposition, plaintiff requests

25  that the court remand this action.  (Biegler Decl./Opp'n at 3:2-

26  10 (Docket No. 16).)

27  II.  Legal Standard and Analysis

28      A.    Jurisdiction

1        Before reaching the merits of defendants' motion to

2   dismiss, the court addresses its jurisdiction over this action.[2]

3   "[B]y whatever route a case arrives in federal court, it is the

4   obligation of both district court and counsel to be alert to

5   jurisdictional requirements."  Grupo Dataflux v. Atlas Global

6   Grp., L.P., 541 U.S. 567, 593 (2004); see also Steel Co. v.

7   Citizens for a Better Evn't, 523 U.S. 83, 94 (1998) ("'Without

8   jurisdiction the court cannot proceed at all in any cause.

9   Jurisdiction is power to declare the law, and when it ceases to

10  exist, the only function remaining to the court is that of

11  announcing the fact and dismissing the cause.'" (quoting Ex parte

12  McCardle, 74 U.S. 506, 514 (1868))).  "[T]he district court ha[s]

13  a duty to establish subject matter jurisdiction over the removed

14  action sua sponte, whether the parties raised the issue or not."

15  United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d

16  960, 967 (9th Cir. 2004); see also Snell v. Cleveland, Inc., 316

17  F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure

18  12(h)(3) provides that a court may raise the question of subject

19  matter jurisdiction, sua sponte, at any time during the pendency

20  of the action, even on appeal.").

21        District courts are required "to strictly construe the

22  removal statute against removal jurisdiction" and reject federal

23  jurisdiction "if there is any doubt as to the right of removal in

24  the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th

---

26        [2]    Also, the court has considered defendants' objections
27  to plaintiff's opposition on the grounds that it is procedurally
    improper and contains factual assertions.  (See Reply at 2:13-24
28  (Docket No. 17); Defs.' Objections to Pl.'s Evidence (Docket No.
    17-1).)  It rules in light of those objections.

1  Cir. 1992).  "The 'strong presumption' against removal
2  jurisdiction means that the defendant always has the burden of
3  establishing that removal is proper."  Id.  "If at any time
4  before final judgment it appears that the district court lacks
5  subject matter jurisdiction, the case shall be remanded."  28
6  U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932
7  (9th Cir. 2001).

8          Jurisdiction in this case is based on diversity of
9  citizenship.  See 28 U.S.C. § 1332(a).  Such jurisdiction
10 requires complete diversity.  Strawbridge v. Curtiss, 7 U.S. 267,
11 267 (1806).  As noted above, plaintiff is a citizen of California
12 and defendant DiBlasi is domiciled in California.  Where a
13 defendant is fraudulently joined, however, the presence of a non-
14 diverse defendant will not defeat diversity jurisdiction.  Morris
15 v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).
16 In their notice of removal, defendants argued that DiBlasi should
17 be disregarded for purposes of determining whether diversity
18 jurisdiction exists because DiBlasi is fraudulently joined.
19 (Notice of Removal ¶ 12.)  The court's subject matter
20 jurisdiction over this matter thus turns on whether DiBlasi is a
21 sham defendant.

22      B.   Fraudulent Joinder

23          "Fraudulent joinder is a term of art."  McCabe v. Gen.
24 Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).  Joinder of a
25 non-diverse defendant is deemed fraudulent where "the plaintiff
26 fails to state a cause of action against a resident defendant,
27 and the failure is obvious according to the settled rules of the
28 state . . . ."  Id.; Hunter v. Philip Morris USA, 582 F.3d 1039,

5

1  1043 (9th Cir. 2009); see Mireles v. Wells Fargo Bank, N.A., 845

2  F. Supp. 2d 1034, 1063 (C.D. Cal. 2012) ("In the Ninth Circuit, a

3  non-diverse defendant is deemed to be fraudulently joined if,

4  after all disputed questions of fact and all ambiguities in the

5  controlling state law are resolved in the plaintiff's favor, the

6  plaintiff could not possibly recover against the party whose

7  joinder is questioned." (internal quotation marks and citations

8  omitted)).  Defendant carries the burden of proving fraudulent

9  joinder and it is heavy, as "[f]raudulent joinder must be proven

10 by clear and convincing evidence."  Hamilton Materials, Inc. v.

11 Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

12        In their Notice of Removal, defendants contend that

13 "DiBlasi's local citizenship should be disregarded as 'sham' or

14 'fradulent' because no potentially valid claim can be made

15 against him since he acted within the scope of his employment

16 with out-of-state insurer defendant Sentry at all times relevant

17 in the Complaint."  (Notice of Removal ¶ 12; see also Mem. in

18 Supp. of Mot. at 8:18-19 ("The face of the Complaint itself shows

19 that DiBlasi is an improper sham defendant.") (Docket No. 6);

20 Reply at 4:27-5:15 (Docket No. 17).)

21        1.   Insurance Agent Liability

22        As a general matter of California law, an agent is not

23 personally liable for acts that are fully within the scope of his

24 employment.  See Macey v. Allstate Prop. & Cas. Ins. Co., 220 F.

25 Supp. 2d 1116, 1120 (N.D. Cal. 2002); Lippert v. Bailey, 241 Cal.

26 App. 2d 376, 381-82 (4th Dist. 1966).  California courts,

27 however, have recognized several exceptions to this proposition.

28 Carter v. Nationwide Ins., 5:12-CV-01356-SVW-OP, 2012 WL 4473084,

1  at *4 (C.D. Cal. Sept. 25, 2012) (explaining that although they

2  are not well settled under California law, three exceptions have

3  been recognized); see also Smith v. AllState Ins. Co., C 10-0407

4  SI, 2010 WL 2510117, at *3 (N.D. Cal. June 17, 2010).

5          The "dual agency" exception applies where an "insurance

6  agent act[s] on behalf of the insured in some way beyond his or

7  her capacity as an agent for the insurer." Good v. Prudential

8  Ins. Co. of Am., 5 F. Supp. 2d 804, 808 (N.D. Cal. 1998).  It

9  requires the agent to be "either an independent broker or ha[ve]

10 a long-term, special relationship with the insured." Id.

11         The "special duty" exception arises where an insurance

12 agent "assume[s] a greater duty toward his insured by

13 misrepresenting the policy's terms or extent of coverage." Paper

14 Savers, Inc. v. Nacsa, 51 Cal. App. 4th 1090, 1097 (2d Dist.

15 1996); see also Clement v. Smith, 16 Cal. App. 4th 39, 45 (4th

16 Dist. 1993) ("Absent some notice or warning, an insured should be

17 able to rely on an agent's representations of coverage without

18 independently verifying the accuracy of those representations by

19 examining the relevant policy provisions.").  As one California

20 Court of Appeals has explained, an insurance agent assumes such a

21 duty where:

22        (a) the agent misrepresents the nature, extent or scope
          of the coverage being offered or provided . . . , (b)
23        there is a request or inquiry by the insured for a
          particular type or extent of coverage . . . , or (c) the
24        agent assumes an additional duty by either express
          agreement or by "holding himself out" as having expertise
25        in a given field of insurance being sought by the insured
          . . . .

26

27 Fitzpatrick v. Hayes, 57 Cal. App. 4th 916, 927 (1st Dist. 1997).

28         Finally, a third line of cases hold that "'[a]n agent

7

1 or employee is always liable for his own torts, whether his

2 employer is liable or not.'" Holt v. Booth, 1 Cal. App. 4th

3 1074, 1080 n.5 (1991)(quoting 5 Witkin, Summary of Cal. Law § 32

4 (9th ed. 1988)); see McNeill v. State Farm Life Ins. Co., 116

5 Cal. App. 4th 597, 603 (2d Dist. 2004) ("But the present cause of

6 action charges intentional misrepresentation, or fraud.  Like

7 other agents, an insurance company's may be personally

8 responsible when they commit that tort.") (also recognizing the

9 dual agency exception). But see Good, 5 F. Supp. 2d at 808

10 (rejecting that this exception refutes the rule from Lippert).

11          Under the special duty exception, California courts

12 have held insurance agents personally liable for negligent

13 misrepresentation and fraud.  See Clement, 16 Cal. App. 4th at

14 44-47.  They have also stated that such agents may be personally

15 liable for intentional misrepresentation or fraud under the third

16 exception.  See McNeill, 116 Cal. App. 4th at 603.  Plaintiff

17 brings claims against DiBlasi for negligent misrepresentation and

18 fraud.  The court focuses its analysis on plaintiff's negligent

19 misrepresentation claim because if plaintiff states one valid

20 claim against DiBlasi, the court loses jurisdiction over this

21 action.

22          Plaintiff alleges after it made a claim for the loss at

23 the Vasco property, it was initially informed by Diblasi and

24 other Sentry employees "that there would be no problem with the

25 claim." (Compl. ¶¶ 8-9.)  Plaintiff alleges that it was

26 subsequently informed that because the Vasco property was vacant

27 at the time of the loss, the claim might be denied pursuant to

28 provisions in its insurance policy.  (Id.)  Plaintiff's president

1  then allegedly informed DiBlasi and others at Sentry that neither

2  he nor anyone else at the company had been informed of such a

3  provision.  (Id. ¶ 9.)  Diblasi allegedly informed Hensler that

4  he had not been aware of such a provision either and again

5  assured him that "it would not cause a problem with the claim."

6  (Id.)  Sentry ultimately denied plaintiff's claim based on the

7  vacant property exception.  (Id. ¶ 11.)

8        These allegations show that DiBlasi misrepresented the

9  scope of plaintiff's coverage by informing plaintiff that a loss

10  was covered by its policy when in fact it was not.  Plaintiff

11  then relied on DiBlasi's misrepresentations when continuing to

12  pay premiums on its policy.  (See id. ¶¶ 10, 20 ("As a proximate

13  result of its reasonable reliance on the false representations

14  made by defendants, plaintiff continued to pay the premiums and

15  remain insured with Sentry.").)  Plaintiff's allegations thus

16  permit the reasonable inference that DiBlasi assumed a special

17  duty to plaintiff when he made affirmative representations about

18  plaintiff's coverage.  See Carter, 2012 WL 4473084, at *5

19  (finding that allegations gave rise to inference that special

20  duty arose where defendant agent told plaintiffs that insurance

21  policy would pay for mold abatement, but insurance company then

22  declined to pay under policy).  With that duty, DiBlasi may be

23  held personally liable for negligent misrepresentation despite

24  plaintiff's allegations that all his acts occurred within the

25  course and scope of his employment with Sentry.

26        The case of Gasnik v. State Farm Ins. Co., 825 F. Supp.

27  245 (E.D. Cal. 1992), does not alter the court's analysis.  The

28  court in that case found that two insurance agent (or broker)

1  defendants were fraudulently joined in an action where plaintiffs
2  brought claims for negligence, negligent misrepresentation,
3  reformation, and bad faith denial of insurance benefits, on the
4  basis of Lippert, discussed above, which sets forth the general
5  rule that an agent is not personally liable for acts that are
6  fully within the scope of his employment.  Gasnik, 825 F. Supp.
7  at 249.  It also relied on California Labor Code section 2802,
8  which requires an employer to defend and/or indemnify an employee
9  who is sued by a third party for conduct occurring in the course
10 and scope of employment, as well as the agents' employer's
11 express agreement to accept responsibility for their acts
12 regardless of whether these acts were within or beyond the course
13 and scope of employment.  Id.  The Gasnik court, however, did not
14 consider any of the three exceptions to the Lippert rule.  Thus,
15 the case does not preclude a finding that plaintiff can state a
16 claim against DiBlasi based on a special duty theory.

17      Nor does Zhang v. Safeco Ins. Co. of Am., C 12-1430 CW,
18 2012 WL 1895989 (N.D. Cal. May 23, 2012), require that the court
19 find that DiBlasi was fraudulently joined.  First, the individual
20 in that case was a claims adjustor for an insurance company, not
21 an agent, and therefore it is questionable whether the special
22 duty exception would apply.  Zhang, 2012 WL 1895989, at *1-2.
23 Second, the Zhang court simply did not consider the dual agent or
24 tort exceptions.[3]  This case does not make it "obvious,"

---

26 [3]     While the court in Mercado v. Allstate Ins. Co., 340
27 F.3d 824 (9th Cir. 2003), found that plaintiff's allegations
   could not support the inference that the insurance company
28 employee was a dual agent, it did not consider the "special duty"
   exception.  Mercado, 340 F.3d at 828.  It is not clear whether

10

1  therefore, that plaintiff cannot state a claim under state law

2  against DiBlasi.  See Hunter, 582 F.3d at 1043.

3         After removing the action to this court, in support of

4  its argument that DiBlasi should be dismissed as a defendant,

5  Sentry states that it will agree to accept responsibility for the

6  acts of DiBlasi regardless of whether they were within or beyond

7  the course and scope of his employment.  (Kovatch Decl. ¶ 3

8  (Docket No. 7).)  Such an offer after the case is removed does

9  not compel a finding that the codefendant for whose conduct

10 defendant now agrees to accept responsibility was fraudulently

11 joined at the time the action was originally filed.  To the

12 extent the Gasnik court found such a promise significant, it did

13 so only after holding that the insurance agent defendants could

14 not be personally liable for the plaintiff's claims.  Gasnik, 825

15 F. Supp. at 249.  The court has not made the same finding of non-

16 liability here.  It thus concludes that Sentry's agreement should

17 not deprive plaintiff of either his choice of which defendants to

18 sue or the court in which he chose to file the action.

19        Defendants did not contest the sufficiency of

20 plaintiff's allegations supporting its negligent

21 misrepresentation claim.  In consideration with the foregoing

22 analysis, the court cannot find that it is obvious that plaintiff

23 has failed to state a claim for negligent misrepresentation

24 against DiBlasi.  The court need not, therefore, consider the

25 viability of the other claims alleged against him.  It notes,

26 however, that even though defendants have questioned the

27 _____

28 the employee in that case was a claims adjuster or insurance
   agent.

1   sufficiency of plaintiff's fraud allegations, it appears as

2   though plaintiff could amend its complaint to sufficiently allege

3   that claim under California pleading standards, if it is not

4   already so alleged.  See Biegler Decl./Opp'n ¶ 5; Padilla v. AT &

5   T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) ("The

6   defendant must also show that there is no possibility that the

7   plaintiff could prevail on any cause of action it brought against

8   the non-diverse defendant.  Remand must be granted unless the

9   defendant shows that the plaintiff would not be afforded leave to

10  amend his complaint to cure [the] purported deficiency."

11  (internal quotation marks and citations omitted) (alteration in

12  original)).

13          Because DiBlasi is not a fraudulent defendant, he

14  remains a defendant in this case.  Accordingly, there is not

15  complete diversity between plaintiff and defendants and the court

16  lacks subject matter jurisdiction over the case.

17          IT IS THEREFORE ORDERED that plaintiff's request to

18  remand this case to the state court be, and the same hereby, is

19  GRANTED.  This matter is hereby REMANDED to the Superior Court of

20  California, in and for the County of Sacramento.

21          IT IS FURTHER ORDERED that defendants' motion to

22  dismiss be, and the same hereby, is DENIED as MOOT.

23  DATED: July 3, 2013

24

25  _____
    WILLIAM B. SHUBB

26  UNITED STATES DISTRICT JUDGE

27

28

                              12