UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CLARKLIFT WEST dba TEAM POWER FORKLIFT,

        Plaintiff,

   v.

SENTRY INSURANCE COMPANY, CRAIG DIBLASI, and DOES 1-5, inclusive,

        Defendants.
                                  /

NO. CIV. 2:13-00815 WBS CKD

ORDER RE: MOTION TO DISMISS

----oo0oo----

        Plaintiff Clarklift West dba Team Power Forklift brings this action against defendants Sentry Select Insurance Company[1] ("Sentry"), Craig DiBlasi, and Does one through five arising from a dispute over coverage under plaintiff's insurance policy.

---

[1] Sentry Select Insurance Company was erroneously sued as Sentry Insurance Company. By order of the court, Sentry Insurance Company was dropped from this action and Sentry Select Insurance Company was added as a defendant. (Docket No. 15.)

1

Defendants now move to dismiss Diblasi pursuant to Federal Rule of Civil Procedure 21 and to dismiss plaintiff's claims for breach of fiduciary duty, fraud, and punitive damages for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

I.   Factual and Procedural Background

Plaintiff is a California corporation with its principal place of business in Sacramento County, California. (Mot. to Dismiss Ex. 1 ("Compl.") ¶ 1 (Docket No. 6).)  Sentry is a Wisconsin corporation with its principal place of business in Stevens Point, Wisconsin.  (Notice of Removal ¶ 11 (Docket No. 1); Req. for Judicial Notice Ex. 4 (Docket No. 1-8).)  Diblasi is a citizen of California and resides there.  (Notice of Removal ¶ 12.)

Plaintiff alleges that Diblasi was a Sentry agent servicing its account.  (Compl. ¶ 3.)  It also alleges, albeit in conclusory terms, that each defendant was the agent and employee of the other and was acting within the course and scope of such agency at all times mentioned in the Complaint.  (Id. ¶ 4.) Plaintiff alleges that in June 2012 it suffered a loss at its property on Vasco Lane (the "Vasco property") in Livermore, California.  (Id. ¶ 8.)  Plaintiff made a claim for the loss with Diblasi.  (Id.)  The Vasco Property, as well as other properties owned by plaintiff, had been insured with Sentry for years. (Id.)

Plaintiff alleges that it was initially informed by Diblasi and other Sentry employees "that there would be no problem with the claim."  (Id. ¶ 9.)  Plaintiff was allegedly

2

then informed that because the Vasco property was vacant at the time of the loss the claim might be denied pursuant to provisions in its insurance policy. (Id.) Plaintiff's president, Joe Hensler, allegedly told Diblasi and others at Sentry that neither he nor anyone else at his company had been informed of such a provision. (Id. ¶ 9.) Diblasi allegedly then told Hensler that he also had not been aware of such a provision and "was sure it would not cause a problem with the claim." (Id.)

It was later discovered that Sentry became aware that the Vasco property was vacant when it made a loss control inspection in May 2012. (Id.) Plaintiff alleges that even though Sentry knew the property was vacant, no one from the insurance company informed plaintiff of potential coverage problems. (Id. ¶ 10.) Sentry ultimately denied plaintiff's claim because of the vacant property exclusion. (Id. ¶ 11.)

Plaintiff brings claims for breach of fiduciary duty, fraud, and negligent misrepresentation against both defendants. Plaintiff brings claims for breach of contract and breach of the implied covenant of good faith and fair dealing against Sentry only. Presently before the court is defendant's motion to dismiss Diblasi pursuant to Rule 21 and to dismiss plaintiff's claims for breach of fiduciary duty, fraud, and punitive damages for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). In its opposition, plaintiff requests that the court remand this action. (Biegler Decl./Opp'n at 3:2-10 (Docket No. 16).)

II.  Legal Standard and Analysis

   A.   Jurisdiction

Before reaching the merits of defendants' motion to dismiss, the court addresses its jurisdiction over this action.[2] "[B]y whatever route a case arrives in federal court, it is the obligation of both district court and counsel to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 593 (2004); see also Steel Co. v. Citizens for a Better Evn't, 523 U.S. 83, 94 (1998) ("'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" (quoting Ex parte McCardle, 74 U.S. 506, 514 (1868))). "[T]he district court ha[s] a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004); see also Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.").

District courts are required "to strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th

---

[2] Also, the court has considered defendants' objections to plaintiff's opposition on the grounds that it is procedurally improper and contains factual assertions. (See Reply at 2:13-24 (Docket No. 17); Defs.' Objections to Pl.'s Evidence (Docket No. 17-1).) It rules in light of those objections.

4

1  Cir. 1992). "The 'strong presumption' against removal
2  jurisdiction means that the defendant always has the burden of
3  establishing that removal is proper."  Id.  "If at any time
4  before final judgment it appears that the district court lacks
5  subject matter jurisdiction, the case shall be remanded."  28
6  U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932
7  (9th Cir. 2001).

8       Jurisdiction in this case is based on diversity of
9  citizenship.  See 28 U.S.C. § 1332(a).  Such jurisdiction
10 requires complete diversity.  Strawbridge v. Curtiss, 7 U.S. 267,
11 267 (1806).  As noted above, plaintiff is a citizen of California
12 and defendant DiBlasi is domiciled in California.  Where a
13 defendant is fraudulently joined, however, the presence of a non-
14 diverse defendant will not defeat diversity jurisdiction.  Morris
15 v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).
16 In their notice of removal, defendants argued that DiBlasi should
17 be disregarded for purposes of determining whether diversity
18 jurisdiction exists because DiBlasi is fraudulently joined.
19 (Notice of Removal ¶ 12.)  The court's subject matter
20 jurisdiction over this matter thus turns on whether DiBlasi is a
21 sham defendant.

22       B.   Fraudulent Joinder

23       "Fraudulent joinder is a term of art."  McCabe v. Gen.
24 Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).  Joinder of a
25 non-diverse defendant is deemed fraudulent where "the plaintiff
26 fails to state a cause of action against a resident defendant,
27 and the failure is obvious according to the settled rules of the
28 state . . . ."  Id.; Hunter v. Philip Morris USA, 582 F.3d 1039,

5

1043 (9th Cir. 2009); see Mireles v. Wells Fargo Bank, N.A., 845 F. Supp. 2d 1034, 1063 (C.D. Cal. 2012) ("In the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." (internal quotation marks and citations omitted)). Defendant carries the burden of proving fraudulent joinder and it is heavy, as "[f]raudulent joinder must be proven by clear and convincing evidence." Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

In their Notice of Removal, defendants contend that "DiBlasi's local citizenship should be disregarded as 'sham' or 'fradulent' because no potentially valid claim can be made against him since he acted within the scope of his employment with out-of-state insurer defendant Sentry at all times relevant in the Complaint." (Notice of Removal ¶ 12; see also Mem. in Supp. of Mot. at 8:18-19 ("The face of the Complaint itself shows that DiBlasi is an improper sham defendant.") (Docket No. 6); Reply at 4:27-5:15 (Docket No. 17).)

1. Insurance Agent Liability

As a general matter of California law, an agent is not personally liable for acts that are fully within the scope of his employment. See Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1120 (N.D. Cal. 2002); Lippert v. Bailey, 241 Cal. App. 2d 376, 381-82 (4th Dist. 1966). California courts, however, have recognized several exceptions to this proposition. Carter v. Nationwide Ins., 5:12-CV-01356-SVW-OP, 2012 WL 4473084,

6

at *4 (C.D. Cal. Sept. 25, 2012) (explaining that although they are not well settled under California law, three exceptions have been recognized); see also Smith v. AllState Ins. Co., C 10-0407 SI, 2010 WL 2510117, at *3 (N.D. Cal. June 17, 2010).

The "dual agency" exception applies where an "insurance agent act[s] on behalf of the insured in some way beyond his or her capacity as an agent for the insurer." Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 808 (N.D. Cal. 1998).  It requires the agent to be "either an independent broker or ha[ve] a long-term, special relationship with the insured." Id.

The "special duty" exception arises where an insurance agent "assume[s] a greater duty toward his insured by misrepresenting the policy's terms or extent of coverage." Paper Savers, Inc. v. Nacsa, 51 Cal. App. 4th 1090, 1097 (2d Dist. 1996); see also Clement v. Smith, 16 Cal. App. 4th 39, 45 (4th Dist. 1993) ("Absent some notice or warning, an insured should be able to rely on an agent's representations of coverage without independently verifying the accuracy of those representations by examining the relevant policy provisions."). As one California Court of Appeals has explained, an insurance agent assumes such a duty where:

> (a) the agent misrepresents the nature, extent or scope of the coverage being offered or provided . . . , (b) there is a request or inquiry by the insured for a particular type or extent of coverage . . . , or (c) the agent assumes an additional duty by either express agreement or by "holding himself out" as having expertise in a given field of insurance being sought by the insured . . . .

Fitzpatrick v. Hayes, 57 Cal. App. 4th 916, 927 (1st Dist. 1997).

Finally, a third line of cases hold that "'[a]n agent

7

or employee is always liable for his own torts, whether his employer is liable or not.'" Holt v. Booth, 1 Cal. App. 4th 1074, 1080 n.5 (1991)(quoting 5 Witkin, Summary of Cal. Law § 32 (9th ed. 1988)); see McNeill v. State Farm Life Ins. Co., 116 Cal. App. 4th 597, 603 (2d Dist. 2004) ("But the present cause of action charges intentional misrepresentation, or fraud. Like other agents, an insurance company's may be personally responsible when they commit that tort.") (also recognizing the dual agency exception). But see Good, 5 F. Supp. 2d at 808 (rejecting that this exception refutes the rule from Lippert).

Under the special duty exception, California courts have held insurance agents personally liable for negligent misrepresentation and fraud. See Clement, 16 Cal. App. 4th at 44-47. They have also stated that such agents may be personally liable for intentional misrepresentation or fraud under the third exception. See McNeill, 116 Cal. App. 4th at 603. Plaintiff brings claims against DiBlasi for negligent misrepresentation and fraud. The court focuses its analysis on plaintiff's negligent misrepresentation claim because if plaintiff states one valid claim against DiBlasi, the court loses jurisdiction over this action.

Plaintiff alleges after it made a claim for the loss at the Vasco property, it was initially informed by Diblasi and other Sentry employees "that there would be no problem with the claim." (Compl. ¶¶ 8-9.) Plaintiff alleges that it was subsequently informed that because the Vasco property was vacant at the time of the loss, the claim might be denied pursuant to provisions in its insurance policy. (Id.) Plaintiff's president

8

then allegedly informed DiBlasi and others at Sentry that neither he nor anyone else at the company had been informed of such a provision. (Id. ¶ 9.) Diblasi allegedly informed Hensler that he had not been aware of such a provision either and again assured him that "it would not cause a problem with the claim." (Id.) Sentry ultimately denied plaintiff's claim based on the vacant property exception. (Id. ¶ 11.)

These allegations show that DiBlasi misrepresented the scope of plaintiff's coverage by informing plaintiff that a loss was covered by its policy when in fact it was not. Plaintiff then relied on DiBlasi's misrepresentations when continuing to pay premiums on its policy. (See id. ¶¶ 10, 20 ("As a proximate result of its reasonable reliance on the false representations made by defendants, plaintiff continued to pay the premiums and remain insured with Sentry.").) Plaintiff's allegations thus permit the reasonable inference that DiBlasi assumed a special duty to plaintiff when he made affirmative representations about plaintiff's coverage. See Carter, 2012 WL 4473084, at *5 (finding that allegations gave rise to inference that special duty arose where defendant agent told plaintiffs that insurance policy would pay for mold abatement, but insurance company then declined to pay under policy). With that duty, DiBlasi may be held personally liable for negligent misrepresentation despite plaintiff's allegations that all his acts occurred within the course and scope of his employment with Sentry.

The case of Gasnik v. State Farm Ins. Co., 825 F. Supp. 245 (E.D. Cal. 1992), does not alter the court's analysis. The court in that case found that two insurance agent (or broker)

9

defendants were fraudulently joined in an action where plaintiffs brought claims for negligence, negligent misrepresentation, reformation, and bad faith denial of insurance benefits, on the basis of Lippert, discussed above, which sets forth the general rule that an agent is not personally liable for acts that are fully within the scope of his employment. Gasnik, 825 F. Supp. at 249. It also relied on California Labor Code section 2802, which requires an employer to defend and/or indemnify an employee who is sued by a third party for conduct occurring in the course and scope of employment, as well as the agents' employer's express agreement to accept responsibility for their acts regardless of whether these acts were within or beyond the course and scope of employment. Id. The Gasnik court, however, did not consider any of the three exceptions to the Lippert rule. Thus, the case does not preclude a finding that plaintiff can state a claim against DiBlasi based on a special duty theory.

Nor does Zhang v. Safeco Ins. Co. of Am., C 12-1430 CW, 2012 WL 1895989 (N.D. Cal. May 23, 2012), require that the court find that DiBlasi was fraudulently joined. First, the individual in that case was a claims adjustor for an insurance company, not an agent, and therefore it is questionable whether the special duty exception would apply. Zhang, 2012 WL 1895989, at *1-2. Second, the Zhang court simply did not consider the dual agent or tort exceptions.[3] This case does not make it "obvious,"

---

[3] While the court in Mercado v. Allstate Ins. Co., 340 F.3d 824 (9th Cir. 2003), found that plaintiff's allegations could not support the inference that the insurance company employee was a dual agent, it did not consider the "special duty" exception. Mercado, 340 F.3d at 828. It is not clear whether

10

therefore, that plaintiff cannot state a claim under state law against DiBlasi. See Hunter, 582 F.3d at 1043.

After removing the action to this court, in support of its argument that DiBlasi should be dismissed as a defendant, Sentry states that it will agree to accept responsibility for the acts of DiBlasi regardless of whether they were within or beyond the course and scope of his employment. (Kovatch Decl. ¶ 3 (Docket No. 7).) Such an offer after the case is removed does not compel a finding that the codefendant for whose conduct defendant now agrees to accept responsibility was fraudulently joined at the time the action was originally filed. To the extent the Gasnik court found such a promise significant, it did so only after holding that the insurance agent defendants could not be personally liable for the plaintiff's claims. Gasnik, 825 F. Supp. at 249. The court has not made the same finding of non-liability here. It thus concludes that Sentry's agreement should not deprive plaintiff of either his choice of which defendants to sue or the court in which he chose to file the action.

Defendants did not contest the sufficiency of plaintiff's allegations supporting its negligent misrepresentation claim. In consideration with the foregoing analysis, the court cannot find that it is obvious that plaintiff has failed to state a claim for negligent misrepresentation against DiBlasi. The court need not, therefore, consider the viability of the other claims alleged against him. It notes, however, that even though defendants have questioned the

---

the employee in that case was a claims adjuster or insurance agent.

11

sufficiency of plaintiff's fraud allegations, it appears as though plaintiff could amend its complaint to sufficiently allege that claim under California pleading standards, if it is not already so alleged.  See Biegler Decl./Opp'n ¶ 5; <u>Padilla v. AT & T Corp.</u>, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) ("The defendant must also show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant.  Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." (internal quotation marks and citations omitted) (alteration in original)).

     Because DiBlasi is not a fraudulent defendant, he remains a defendant in this case.  Accordingly, there is not complete diversity between plaintiff and defendants and the court lacks subject matter jurisdiction over the case.

     IT IS THEREFORE ORDERED that plaintiff's request to remand this case to the state court be, and the same hereby, is GRANTED.  This matter is hereby REMANDED to the Superior Court of California, in and for the County of Sacramento.

     IT IS FURTHER ORDERED that defendants' motion to dismiss be, and the same hereby, is DENIED as MOOT.

DATED: July 3, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

12